R. L. Cox and Company v. J. H. Markham, Junior, and Company.

Decided June 3, 1905.

**1.—Contract—Drilling Oil Well—Flow Guaranteed.**

One who contracted, for a fixed price, to drill an oil well which should be a flowing well, can not recover for a well that did not.flow oil out at the top, although it flowed oil sufficiently near the top to be operated with a pump to advantage—the circumstances surrounding the parties at the time of the contract, and the construction placed by them on it, showing that they understood that the oil was to flow out at the top of the well.

**2.—Same—Change of Agreement—Pleading.**

Plaintiff, suing on the contract, could not avail himself of a subsequent agreement, changing its terms, without having pleaded such agreement.

Error from the District Court of Jefferson. Tried below before Hon. A. T. Watts.

*Jas. A. Harrison,* for plaintiffs in error.—When a contract requires and guarantees that "a flow of oil shall be found," it is not ambiguous, but means clearly that the well shall flow oil, and if the well does not flow, but has to be pumped, the contract is not performed. Hefron v. Pollard, 73 Texas, 102; Menard v. Sydnor, 29 Texas, 262; Linch v. Paris Grain Co., 14 S. W. Rep., 702; Mutual Life Ins. Co. v. Elliott, 93 Texas, 149; Salado College v. Davis, 47 Texas, 137; Webster's Dictionary words, "Flow" and "Flowing"; Hammon on Contracts, art. 412.

·PLEASANTS, Associate Justice.—Defendants in error brought this suit against plaintiffs in error on a contract for drilling an oil well, alleging full performance of the contract and seeking to recover the contract price. The defendants answered by general demurrer and general denial. The trial in the court below was without a jury and resulted in a judgment in favor of plaintiffs for $5,000, with interest, the amount claimed in the petition.

The contract sued on is as follows:

The State of Texas,  &#125;
County of Jefferson,  &#125;

This instrument witnesseth:

That R. L. Cox & Co. of Beaumont, Texas, hereinafter styled as first party, and J. H. Markham, of Beaumont, Texas, hereinafter known as second party have entered into the following contract, to wit:

Second party agrees to drill for first party three oil wells to a depth of twelve hundred feet, if necessary, guaranteeing that a flow of oil shall be found, and furnishing therefor at his own expense all machinery, material, pipe, derrick, water, fuel, valves, etc., necessary for the completion of same in a workmanlike manner and to finish same with not less than six inch pipe. Said wells to be located either in the Hogg-Swayne subdivision, blocks 36, 37 and 38, of Spindle Top Heights, or in the Keith-Ward land, Jefferson County, Texas, beginning the actual drilling of one well at once and the other two as soon as the two rigs can get to them, pushing the same to completion with all

due diligence. The first party is to designate to the second party the exact location of the above mentioned wells and is to pay therefor upon completion the sum of five thousand dollars. Witness our hands in triplicate, this the 19th day of February, 1902.

(Signed) J. H. Markham,
(Signed) R. L. Cox & Co.

In the execution of this contract J. H. Markham was acting for the defendants in error. The evidence shows that the well, when completed, was not a flowing or gushing well, but a flow or vein of oil was found in the well, and it would have been a paying well if it had been operated with a pump. Cox & Co. did not own the well, but were the original contractors with the owners, the Texas Big Four Oil Company, and defendants in error were subcontractors under them. The owners refused to accept the well from Cox & Co., and that company did not accept it from defendants in error.

Conceding for the sake of argument that there is ambiguity in the term "flow of oil," as used in the contract, the circumstances surrounding the parties at the time the contract was made and the construction placed upon it by them as evidenced by their acts in reference thereto, show clearly that they understood that the well should flow oil out of the opening above the ground. Having guaranteed that the well which they contracted to drill would be a flowing well, defendants in error are not entitled to recover the contract price when it is shown that the well which they drilled and tendered to Cox & Co. was not a flowing one as that term was used in the contract.

We do not think there is any evidence to sustain the conclusion of the trial judge that the well was completed in substantial compliance with the contract, and the assignment of error which complains of the judgment on that ground must be sustained.

There is testimony to the effect that while the well was being drilled Cox & Co. agreed with the defendants in error that if the gas pressure left the field before the well was completed, it would be accepted if oil was found in paying quantities, whether it flowed or not. There is no pleading to support this evidence, and if the alleged agreement was upon a valuable consideration and was otherwise enforceable, it can not aid plaintiffs in the absence of proper pleading.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*